[Circuit Court of Summit County.]

### WILLIAM H. ILER v. THE AKRON FIRE PROOF CONSTRUCTION COMPANY.

Decided, October 2, 1903.

*Costs—Should be Equitably Apportioned—Where Claim is Settled After Suit.*

Where a case is settled after suit brought, it is the duty of the court to apportion the costs between the parties as it may adjudge to be right and equitable. In such a case it is error to adjudge all the costs against the plaintiff, without an inquiry into the merits of plaintiff's original claim.

WINCH, J.; HALE, J., and MARVIN, J., concur.

On appeal from a justice court William H. Iler filed his petition in the common pleas court against the Akron Fire Proof Construction Company, alleging that he had recovered a judgment against one Edward Aungst, and in the same action had garnisheed the construction company; that at the time the latter was served with process it was indebted to Aungst, but that it failed to appear and answer as garnishee, and an order being issued on the garnishee to pay from the funds in its hands the amount of the judgment and costs against Aungst, it had refused to comply with the order, although it was indebted to Aungst at the

time in said amount. The construction company answered, admitting that it had been garnisheed, but denying all else. As a second defense, it averred that all matters between plaintiff and said Aungst had been fully settled. Plaintiff replied admitting that all matters had been settled between him and Aungst, but averring that said settlement was made after commencement of the action in the common pleas court against the garnishee.

The record, while it does not disclose that any written motion for judgment on the pleadings was filed, contains the following:

"This cause came on to be heard on the pleadings and the defendant's motion for a judgment thereon. On consideration thereof the court finds that the reply is no valid answer to the defendant's answer, and said motion is granted. It is therefore considered that said defendant go hence without day and recover of said plaintiff his costs herein. Judgment is rendered against plaintiff for his costs herein."

The case is in this court on petition in error to reverse said judgment for costs. It appearing from the reply that the cause of action against the defendant was settled after suit brought, the case comes within the decision of this court in the case of *The Standard Oil Company* v. *Valley Railway Company* (7 C. C., 442), and Section 5351, Rev. Stat., applies, and it becomes the duty of the court to apportion the costs between the parties as it may adjudge to be right and equitable. The matter of costs is a matter within the discretion of the court, and error in the exercise of his discretion is rarely ground for reversal, but in this case it appears that by an inadvertence the matter of costs was never submitted to the trial judge in such manner as to enable him to apportion them as he might deem right and equitable. The only thing admitted by the pleadings was that the plaintiff's claim against his judgment debtor had been satisfied. There still remained the issue between the parties as to costs, depending upon whether the conduct of the garnishee had made this action necessary.

The court should have inquired whether it was true that at the time plaintiff filed his petition he had an unsatisfied judgment against Aungst; that the garnishee was then owing Aungst, and had refused to answer as garnishee or obey the order to pay the money

due Aungst to his attaching creditor.    These facts being found
in favor of the plaintiff he would be entitled to a judgment for
costs in his favor.    This conclusion is not in conflict with the case
of *Friedlander* v. *Avondale* (8 C. C., 608), where it was held:

"Where an action for relief is brought in the court of common
pleas, and a decree rendered for the plaintiff, from which judg-
ment an appeal is taken to the circuit court, and while the action
is pending in such court, such action is voluntarily taken by the
defendant as admits the justness of the original claim of the
plaintiff, and satisfies such claim, the circuit court, on these facts
being made to appear, will not hear said case to determine the
question whether the claim of the plaintiff as originally asserted
was well founded, for the purpose of deciding how the costs of
the case should be paid; but will dismiss the action at the costs of
the defendant."

It is true the two cases are analogous.    This case was brought
before a justice of the peace, appealed to the common pleas court
and settlement made while pending there.    The Friedlander case
was brought in the common pleas court, appealed to the circuit
court and settlement made while pending in the latter court; but
in the Friedlander case the justness of the original claim was
admitted.    That point is an issue in this case.

The judgment for costs is reversed, with instructions to the
trial judge to determine the justness of the claim of plaintiff
as it existed at the time he filed his petition, and to award the
costs accordingly.